HOLMES, Retired Appellate Judge.
Willadean Walden appeals from a partial summary judgment, entered in favor of the Smith Children Trust and Annee Caspari, *706 trastee (hereinafter referred to as the Smith Children Trust). Our initial inquiry is whether this ease should be remanded to the trial court for proper Rule 54(b), Ala. R. Civ. P., certification in compliance with our recent case of Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996).
Our review of the record reveals the following: In May 1995 the Smith Children Trust filed a complaint against Walden, seeking a declaratory judgment regarding the ownership rights in a piece of commercial property located in Montgomery, Alabama.
Walden responded with an answer and a counterclaim, alleging, among other things, default on a promissory note, breach of agreement, fraud in the inducement, fraudulent suppression, and conspiracy to defraud.
On April 16, 1997, the trial court entered a partial summary judgment in favor of the Smith Children Trust on Walden’s conspiracy to defraud claim. We note that the trial court did not certify the partial summary judgment as final under Rule 54(b).
On May 13, 1997, Walden filed a motion to alter, amend, or vacate the partial summary judgment, which the trial court denied. On August 12, 1997, Walden appealed to our supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
On November 24, 1997, Walden, fearing that her appeal would be dismissed, filed a motion with this court, requesting that we remand the case to the trial court for Rule 54(b) certification. This court granted Walden’s motion and remanded the case to the trial court to enter an order in compliance with our recent case of Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ. App.1996).
On December 4, 1997, the trial court entered an order, stating that “there is no reason to delay making the partial summary judgment final, and it is ordered that the partial summary judgment ... is made final.” The trial court’s order, however, did not fully comply with the criteria set forth in Bronm.
On December 22, 1997, this court dismissed Walden’s appeal, finding that she had appealed from a judgment that was not final. Thereafter, Walden filed a motion with this court, requesting that we reconsider, and reinstate, her appeal. Walden surmised that this court had dismissed her appeal because the trial court’s December 4, 1997, order failed to comply with the requirements set forth in Brown. Thus, Walden requested that we grant the trial court sufficient time within which to comply with the requirements set forth in Brown. After consideration, this court reinstated Walden’s appeal.
On March 9, 1998, Walden filed a second motion with this court, requesting that we remand the case to the trial court for proper 54(b) certification in compliance with Brown.
Upon considering Walden’s motion, we find it necessary to elaborate on the reasoning, as well as the criteria, established in Brown. In Brown, this court emphasized that appellate review in a piecemeal fashion is not favored and that trial courts should certify judgments as final only in cases where the failure to do so might have harsh effects.
Stated differently, in making the determination as to whether a judgment should be certified as final under Rule 54(b), the trial court should consider any factor that is relevant to a particular case, and it should list the factors considered in making its determination. The trial court should consider all factors, in addition to the fact that multiple parties and/or multiple claims were involved, that there has been a final decision as to one of the claims and/or the rights and responsibilities of one of the parties, and that there is “no just reason for delay.” The trial court should indicate why it considers that there is “no just reason for delay.”
This court further held that should the trial court fail to list the factors considered, then the case would be returned to allow the trial court to list those factors. Brown.
Accordingly, we remand this case to the learned and distinguished trial judge and reinvest him with jurisdiction for 21 days from the date of this opinion to determine, according to the criteria set forth in Brown, whether the partial summary judgment entered on April 16,1997, should be certified as *707 final under Rule 54(b). If he determines that Rule 54(b) certification is appropriate, then he should amend the December 4, 1997, order to comply with the requirements set forth in Brown.
Based on the foregoing, Walden’s motion to remand is granted, and we, therefore, pretermit discussion of the merits of this case, pending further action by the trial court.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REMANDED WITH INSTRUCTIONS. *
All the judges concur.

 Note from the reporter of decisions: The Court of Civil Appeals’ docket sheet shows this entry for April 17, 1-998: "Copy of order from [trial court stating] ‘the Court finds that the Rule 54(b) certification was entered in error and the order certifying the action pursuant to Rule 54(b) is set aside.' ” On April 22, 1998, the Court of Civil Appeals, without opinion, dismissed the appeal "as not from a final judgment.”